990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell KING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Leon MARTIN, Defendant-Appellant
 Nos. 92-50312, 92-50344.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided April 1, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell King and Timothy Martin appeal their convictions for armed bank robbery on the grounds that the district court erred by denying their motion to suppress certain evidence. We affirm.
 
 
 3
 Late one morning a Wells Fargo Bank was robbed. Bank employees immediately called the police and described the robber. The bank teller stated that the robber was a black male wearing a black turtleneck, black jeans, and white tennis shoes. The teller described the robber as in his early 20's, as approximately 5'7" and 170 pounds, and appearing to have a moustache. The teller also stated that the robber's note said something close to "Give all the money or die."
 
 
 4
 Upon hearing this information, Officer Robert Pellerin testified that he headed toward a predominantly minority area because "I thought it was likely that a black robber would drive immediately towards the nearest predominately black area in an effort to be less conspicuous." Pellerin stated that he drove toward the bank so that he could view cars driving in the opposite direction when he noticed a silver Mazda coming toward him occupied by three black males. Pellerin also noticed that the Mazda violated three traffic laws: no front license plate, unlawfully tinted windows, and an expired registration. Pellerin stated that it was his regular practice to stop and cite cars for similar violations. Pellerin pulled the Mazda over.
 
 
 5
 Pellerin asked the front passenger, appellant Martin, to step from the car. As he did so, Martin made a fast motion between his legs and towards the car seat. Pellerin pulled his gun and told Martin to exit slowly. After a pat-down, Pellerin went to look under the seat because he believed a weapon had been placed there. Instead, Pellerin found a pen and torn pieces of paper that, when pieced together, read "Give up all the money or die."
 
 
 6
 Appellant Martin argues first that Officer Pellerin lacked a founded suspicion to stop the car without the alleged traffic code violations. Martin argues that the stopping of the car for those traffic violations was a pretextual stop: "the mechanical violations serve only as legal cover for a detention by the officer which otherwise had no legal justification."
 
 
 7
 We believe, however, that reasonable suspicion to stop the car clearly existed even without the traffic code violations. Officer Pellerin testified that he knew and saw the following things. First, the radio broadcast stated that the robber was a black male wearing a black turtleneck. Pellerin saw that the rear passenger fit this description. Second, the car was headed in a direction away from the bank that Pellerin believed based on prior experience was a path the robbers might take. Third, the occupants of the vehicle acted in a suspicious and nervous manner when eye contact was made. Given the close proximity in time to the robbery, Pellerin certainly had enough information to make a stop. Once the stop was made, the movements of the passenger between his legs gave Pellerin probable cause to search under the seat for the weapon. Upon finding the robbery note there was probable cause to arrest.
 
 
 8
 Appellant King argues that there was not probable cause to arrest him because it was known to Pellerin that only one person robbed the bank and that King did not fit the description of the robber. King, however, was arrested after the crumbled robbery note was found under the front passenger seat and Pellerin knew that a robbery had occurred only a short time prior to pulling King's Mazda over.
 
 
 9
 The convictions are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3